# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 3:20CV416 |
| **Plaintiff,** | : | |
| v. | : | |
| **ONE 1987 PORSCHE 911 TURBO COUPE, VIN: WP0JB0938HS051032, WITH ALL ATTACHMENTS THEREON,** | : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| **Defendant.** | : | |

_____

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendant in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(4), which provides for the forfeiture to the United States of:

> All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9);

and/or 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

**THE DEFENDANT IN REM**

2. The defendant is a 1987 Porsche 911 Turbo Coupe, VIN: WP0JB0938HS051032, with all attachments thereon. On or about May 7, 2020, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seized the defendant at a warehouse located at 1508 East Second Street, Dayton, Ohio, while executing a federal search warrant. The ATF transferred custody of the defendant to a property custodian of the United States Marshals Service, where it will remain during the pendency of this action.

**JURISDICTION AND VENUE**

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant pursuant to 21 U.S.C. § 881(a)(4) and/or (6). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and pursuant to 28 U.S.C. § 1395 because the defendant was found in the Southern District of Ohio.

**BASIS FOR FORFEITURE**

6. The defendant is subject to forfeiture under 21 U.S.C. § 881(a)(4) because it was used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1); and/or the defendant is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it represents property furnished or

intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846.

## **FACTS**

7.  In July 2019, the ATF and the Warren County Drug Task Force ("WCDTF") initiated an investigation into Jordan Carpenter ("Carpenter"), a convicted felon, based on alleged violations of federal firearm laws.

8.  During the course of the investigation, investigators learned that Carpenter operated a business named Gold Tower Group, LLC, a/k/a GTG, at a warehouse Carpenter leased at 1508 East Second Street, Dayton, Ohio. On or about October 31, 2019, through surveillance and traffic stops, investigators learned that multiple individuals, who were observed leaving Carpenter's warehouse, possessed large quantities of cash and marijuana (confirmed through lab analysis).

9.  On or about May 7, 2020, the ATF, with the assistance of other law enforcement agencies, executed a federal search warrant at 1508 East Second Street, Dayton, Ohio. From one of the warehouse areas, agents seized assorted plastic packaging, a vacuum sealer, and two Porsche 911s, which were parked next to each other inside the warehouse.

10. One Porsche was identified as a black 1986 Porsche 911 Carrera, VIN: WP0AB0914GS121073, bearing Ohio tag HSQ6365. Hidden in the engine compartment of the 1986 Porsche 911, agents discovered two, vacuum-sealed bags, weighing approximately one pound each, of suspected marijuana.

11. The other vehicle, identified as a red 1987 Porsche 911 Turbo, VIN: WP0JB0938HS051032, bearing Ohio tag HUU7366 (the defendant), was towed by the Dayton Police Department for further investigation.

12. ATF Special Agent Timur Housum ("SA Housum"), with the assistance of Detective Hawk of the WCDTF, interviewed Carpenter about the two Porsches. Carpenter stated that the vehicles were owned by Nigel Finley ("Finley") and that Finley had contacted him and asked if he could store his cars at the warehouse. According to Carpenter, Finley agreed to pay $500.00 a month to store his two Porsches and to sublease the bay of the warehouse from Carpenter. Carpenter indicated that Finley conducted a marijuana distribution business from the warehouse.

13. On or about May 14, 2020, Jeffrey Speaks ("Speaks") contacted Dayton Ohio Police detectives about the defendant. When detectives asked Speaks for details relating to the purchase of the defendant, he immediately stated that he needed to speak with his attorney before answering that question.

14. On or about May 22, 2020, Detective Jeremy Stewart ("Detective Stewart") responded to the storage facility of the Dayton Police Department with canine "Weston" to conduct a free-air sniff of the defendant. The canine team is certified by the Ohio Peace Officer Training Commission and the Office of the Ohio Attorney General in narcotics detection and is trained to detect odors for marijuana, cocaine, heroin, methamphetamines, and their derivatives. Weston started the exterior, free-air sniff at the rear of the defendant on the driver's side without the guidance of his handler, Detective Stewart. Weston showed a positive indication of the presence of narcotics on the driver's front door at the rear seam.

15. A title search of the defendant showed that the registered owner, Jeffrey Speaks, paid approximately $1,000 for the vehicle from a seller in California. The NADA book valuation of the Porsche lists a low retail valuation of $95,300, an average retail valuation of $177,100, and a high retail valuation of $272,600. SA Housum inspected the defendant and determined that the

vehicle appeared to be in good condition.

16. A records search of Speaks revealed that he is currently living at the same residence associated with Finley.

17. Based on his training and experience, SA Housum knows that drug dealers with large quantities of cash often put assets in other people's names to hide them from law enforcement and/or the IRS. In addition to the defendant, the Porsche parked next to the defendant appears to be in the name of a nominee owner on behalf of Finley.

18. On or about July 13, 2020, the ATF received a claim from Speaks, asserting an ownership interest in the defendant.

19. Based on the foregoing facts, the United States asserts that the defendant was used, or is intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1). Further, the defendant represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. Therefore, the defendant is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(4) and/or (6).

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that:

(a) the Court find there is probable cause to believe that the defendant has been forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4) and/or (6);

(b) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Court issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendant and to retain the same in its

custody subject to further order of the Court;

(c) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendant to assert in conformity with the law a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for thirty consecutive days;

(d) the forfeiture of the defendant to the United States be confirmed, enforced, and ordered by the Court;

(e) the Court thereafter order the United States to dispose of the defendant as provided by law; and

(f) the Court award the United States all other relief to which it is entitled, including the costs of this action.

    Respectfully submitted,

    DAVID M. DEVILLERS
    United States Attorney


    s/Deborah D. Grimes
    DEBORAH D. GRIMES (0078698)
    Assistant United States Attorney
    Attorney for Plaintiff
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202
    (513) 684-3711
    Deborah.Grimes@usdoj.gov

## VERIFICATION

I, Timur J. Housum, hereby verify and declare under the penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated 10/8/2020

TIMUR J. HOUSUM, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives